**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | |
|---|---|
| **CHAUN JAMES LAWSON,**        ) | |
| ) | |
| **Petitioner,**     ) | |
| ) | |
| **v.**               ) | **Case No. 05-3144-CV-S-RED** |
| ) | |
| **UNITED STATES OF AMERICA,**   ) | |
| ) | |
| **Respondent.**    ) | |

<u>**ORDER**</u>

NOW before the Court is the Petitioner's Petition Pursuant to Section 2255 of Title 28 (Doc. 1), the Government's Initial Response to Movant's Motion Under 28 U.S.C. 2255 (Doc. 5), and the Petitioner's Traverse (Doc. 7). Petitioner's Traverse was not timely filed in accordance with the Order of this Court (Doc. 6) and will therefore not be considered in the determination of this matter. For the reasons articulated below, Petitioner's Petition Pursuant to Section 2255 of Title 28 is due to be DENIED.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Petitioner was indicted by a federal grand jury in Springfield, Missouri in 2003. The indictment charged Petitioner and co-defendants with conspiracy to distribute in excess of 50 grams of cocaine base and charged Petitioner individually with five (5) counts of distribution of cocaine base and one (1) count of being a felon in possession of a firearm. Petitioner pled guilty to Count One, the conspiracy to distribute charge. The plea agreement entered into by Petitioner states that he had an agreement with Anthony Wagner, a co-defendant, to obtain and distribute the cocaine based substance to others. Petitioner also admitted that he sold the cocaine base to undercover police officers and that the most readily provable amount of cocaine base distributed through the

conspiracy was 500 grams to 1.5 kilograms. Additionally, the plea agreement stipulated that the most readily provable base offense level under United States Sentencing Guidelines § 2 D1.1(a)(3) was thirty-six (36). The plea agreement also contained a provision that Petitioner agreed to waive his right to appeal or collaterally attack any sentencing issues agreed upon or addressed in the plea agreement.

Petitioner was sentenced in 2004. His base offense level was assessed at a 36. Petitioner was given a criminal history category VI and a three point reduction for acceptance of responsibility resulting in a sentence of 235 months. This sentence was at the low end of the sentencing guidelines. Petitioner filed no appeal in this case.

Petitioner argues two main issues in regard to his sentence. One, Petitioner argues that his indictment was defective for several reasons. These reasons include: a sentence for distributing over 500 grams of cocaine base when the indictment charged conspiracy for 50 grams, failure of the indictment to charge each and every element of the offense, and failure of the indictment to allege "aggravating factors."

Two, Petitioner argues that his counsel was ineffective for several reasons. These reasons include: making a general appearance to, in effect, waive jurisdictional claims, failure to challenge the government's ability to pursue legal action, failure to challenge the United States' ability to represent the United States, failure to challenge the United States Attorney's Office's ability to prosecute felony crime, failure to challenge the indictment on the grounds that it failed to invoke the plenary powers of Congress, failure to challenge the Food and Drug Administration as constituting "non-registered agents," directing Petitioner to plead guilty to allegations not in the indictment, failure to file notice of appeal as requested, and for allowing the Court to impose an illegal sentence.

2

Lastly, Petitioner also alleges two more grounds for relief which do not fit within the categories above. These include arguing for relief because the Court sentenced Petitioner to allegations not contained in the indictment, and that the court imposed an exceptional sentence absent the standard of proof beyond a reasonable doubt.

## II. DISCUSSION

### A. Petitioner's Defective Indictment Claims

As a threshold matter, the Court notes that Petitioner did not directly appeal his case nor did he question the indictment at the trial level. Rather, Petitioner voluntarily entered into a plea agreement on the indictment. When an indictment is at issue, "[a]n indictment, not questioned at trial or on direct appeal, is not open to attack by motion under 2255, unless it is so obviously defective as not to be capable by any reasonable construction of being said to charge the offense on which conviction was had." *Little v. United States*, 524 F.2d 335, 336 n.2 (8th Cir. 1975) (citations omitted).

Petitioner first alleges that the indictment is defective as it charged him with knowingly and intentionally conspiring to distribute in excess of fifty (50) grams of a mixture or substance containing a detectable amount of cocaine base, a base offense level of 32. Petitioner was sentenced under a base offense level of 36, for the conspiracy to distribute over 500 grams of cocaine base mixture or substance.

While the sentence imposed does differ from the indictment, the indictment was not defective. In his plea agreement, Petitioner admitted that the most readily provable amount of cocaine base distributed by the conspiracy was at least 500 grams. Additionally, Petitioner, in the same plea agreement, stipulated that the base offense level would be 36.

3

Petitioner's argument on this point must fail. In a similar case where the defendant's sentence was based on admissions during the plea rather than an amount charged in the indictment the Eighth Circuit held that "given the defendant's admission of drug quantity, any *Apprendi* error did not seriously affect his sentencing proceeding's fairness, integrity, or public reputation" and thus, no plain error existed. *United States v. Soltero-Corona,* 258 F.3d 858, 860 (8th Cir. 2001). Additionally, the Eighth Circuit has also held that there is no *Booker* violation where a defendant is sentenced in accordance with the amount admitted to in the plea agreement, rather than the amount charged in the indictment. *United States v. Mondragon-Hernandez*, 408 F.3d 1086 (8th Cir. 2005). Given that the Petitioner did not object to the factual statement in the plea agreement referencing the 500 grams or more, this fact is "essentially uncontroverted." *See id.* at 1088 n.2.

Petitioner's other arguments as to the defective nature of the indictment can be discussed in a similar fashion. Petitioner argues that his indictment was defective as it did not "allege each material element[] of the offense." However, it is clear that if the indictment tracks the statutory language for the offense charged, the indictment is not defective. *See, e.g., United States v. Donahue*, 948 F.2d 438, 440-41 (8th Cir. 1991). The indictment in Petitioner's case parallels the relevant statutory section and thus, the indictment was not defective. This discussion also encompasses Petitioner's argument the failure to properly indict him is a jurisdictional defect which can not be waived. As the Court has found that Petitioner was not improperly indicted, this argument is moot.

Lastly, Petitioner claims that the indictment failed to allege "aggravating factors" relevant to his sentence and, thus violated his constitutional due process rights. However, *Booker* is clear in upholding *Apprendi* in that: "[a]ny fact (other than a prior conviction) which is necessary to

4

support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 125 S. Ct. 738, 756 (2005). Thus, as Petitioner admitted the aggravating factors in his plea agreement, there is no defect in the indictment.

### B. Petitioner's Ineffective Assistance of Counsel Claims

Petitioner alleges six (6) ineffective assistance of counsel claims which refer to his counsel's failure to make challenges to the jurisdictional power of the United States. These alleged errors by counsel include: making only a general appearance before the court, failing to challenge the Plaintiff's ability to pursue legal action, failure to challenge the United States attorney's ability to represent the United States, failure to challenge the ability of the United States attorney to prosecute felony crimes, failure to challenge whether the provision of the food and drug administration is applicable to non-registered agents, failure to prevent the Court from imposing an illegal sentence.

It is well established that many of these claims are without merit. The United States can bring felony criminal action in the federal court. *United States v. Singleton*, 165 F.3d 1297, 1299-1300. Additionally, these cases must be prosecuted by the United States attorney. *Id.* Clearly, laws regarding controlled substances are a valid exercise of Congress' Commerce Clause powers. *See, e.g., United States v. Brown*, 72 F.3d 96, 97 (8th Cir. 1995). As these challenges would be without merit, counsel can not be held ineffective for not raising them. *See Blankenship v. United States*, 159 F.3d 336, 338 (8th Cir. 1998).

Petitioner makes additional ineffective assistance of counsel arguments that his counsel was ineffective in directing him to plead to allegations not contained in the indictment. Petitioner specifically argues that his counsel was ineffective for advising him to plead guilty to the allegation

that the conspiracy involved in excess of 500 grams of cocaine base. Petitioner's attorney at trial denies forcing him to plead guilty to the 500 gram amount. Additionally, Petitioner does not argue that he was forced or coerced into agreeing to this amount, or that the amount was incorrect. Essentially, Petitioner's attorney advised him to plea to an amount that would be supported by the evidence in the case. Such advisement by counsel can not rise to the level of ineffective assistance of counsel and does not meet the *Strickland* standards.

In Petitioner's final ineffective assistance of counsel claim, Petitioner argues that he told his trial counsel to file a notice of appeal and that she did not. Trial counsel has submitted an affidavit stating that she was never asked to file a notice of appeal. Despite this factual dispute between Petitioner and his trial counsel, it is clear that in this instance any failure to file a notice of appeal did not result in prejudice under *Strickland*. The plea agreement entered into by Petitioner contained a waiver of rights to appeal his sentence. If a notice of appeal had been filed, as noted in the government's brief, the appellate count would have been compelled by this waiver to dismiss the appeal. *United States v. Andis*, 333 F.3d 886, 889-91 (8th Cir. 2003) (holding that were appeal falls within the scope of the waiver in a plea agreement the appeal waiver should be enforced given the waiver was knowingly and voluntarily made and no miscarriage of justice would result.)

### C. Petitioner's Additional Claims

Petitioner makes two additional claims, specifically that his sentence was imposed based upon facts not before the Court and that his sentence was based on facts not proven beyond a reasonable doubt. However, as the Court has articulated above, the plea agreement entered into by the Petitioner stated the facts upon which Petitioner was sentenced and he admitted these facts to the court. The plea agreement thus established the considerations the Court used to calculate an

6

appropriate sentence for Petitioner. Accordingly, the sentence for 235 months should not be set aside.

### III. CONCLUSION

For the reasons articulated herein, the court finds no need for a evidentiary hearing on this petition. *See Delgado v. United States*, 68 F.3d 238, 240 (8th Cir. 1998)(citations omitted). Additionally, Petitioner's Motion Pursuant to Section 2255 of Title 28 (Doc. 1) is hereby **DENIED** in its entirety.

**IT IS SO ORDERED.**

DATE:     July 26, 2005        */s/ Richard E. Dorr*
                                        RICHARD E. DORR, JUDGE
                                        UNITED STATES DISTRICT COURT